| | |
|---|---|
| BILLY JOE BREWSTER, JR., LARRY E. NORMAN, and THOMAS L. HILL, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>PHILLIP E. BERGER, in his official capacity as Speaker Pro Tempore of the North Carolina Senate; TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives, DAMON CIRCOSTA. STELLA ANDERSON, JEFF CARMON III, DAVID C. BLACK , KEN RAYMOND AND KAREN BRINSON BELL, in their official capacities as officers or members of the North Carolina State Board of Elections,<br><br>    Defendants,<br><br>    and<br><br>REBECCA HARPER; AMY CLARE OSEROFF; DONALD RUMPH; JOHN BALLA; RICHARD R. CREWS; LILY NICOLE QUICK; GETTYS COHEN JR.; SHAWN RUSH; JACKSON THOMAS DUNN, JR.; MARK S. PETERS; JOSEPH THOMAS GATES; KATHLEEN BARNES; VIRGINIA WALTERS BRIEN; DAVID DWIGHT BROWN,<br><br>    (Proposed)<br>    Intervenor-Defendants. | Civil Action No. 2:19-cv-37-D |

**THE HARPER INTERVENORS' PROPOSED ANSWER IN INTERVENTION TO
PLAINTIFFS' COMPLAINT**

Proposed Intervenor-Defendants Rebecca Harper, Amy Clare Oseroff, Donald Rumph, John Balla, Richard R. Crews, Lily Nicole Quick, Gettys Cohen Jr., Shawn Rush, Jackson Thomas Dunn, Jr., Mark S. Peters, Joseph Thomas Gates, Kathleen Barnes, Virginia Walters Brien, and David Dwight Brown (the "Harper Intervenors") file their Answer to the Complaint of Plaintiffs Billy Joe Brewster, Jr., Larry E. Norman, and Thomas L. Hill (collectively, "Plaintiffs"), and respectfully show the Court the following:

Titles or headings contained in Plaintiffs' Complaint are reproduced in this Answer for organizational purposes only, and the Harper Intervenors do not admit any matter contained therein.

The Complaint begins with an Introduction that consists of a set of unnumbered paragraphs to which no response is required. To the extent a response is required, the Harper Intervenors deny the allegations contained therein.

## PARTIES

1.     The Harper Intervenors are without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore deny the same.

2.     The Harper Intervenors are without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore deny the same.

3.     The Harper Intervenors are without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore deny the same.

4.     The Harper Intervenors are without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore deny the same.

5.     The Harper Intervenors admit the allegations in Paragraph 5.

6.     The Harper Intervenors admit the allegations in Paragraph 6.

7.    The Harper Intervenors admit the allegations in Paragraph 7.

8.    The Harper Intervenors admit the allegations in Paragraph 8.

9.    The Harper Intervenors admit the allegations in Paragraph 9.

10.    The Harper Intervenors admit that Josh Stein is the Attorney General of North Carolina and is not a defendant, but are without knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph and therefore deny the same.

11.    The Harper Intervenors admit the allegations in Paragraph 11.

12.    The Harper Intervenors are without knowledge or information sufficient to form a belief about whether any plaintiff in this action "has been a party in any of the matters previously decided by state or federal courts" and therefore deny the same. The Harper Intervenors admit that the Plaintiffs purport not to challenge the constitutionality of the current congressional plan, and deny the remaining allegations in this Paragraph.

## **JURISDICTION**

13.    The jurisdictional allegations in paragraph 13 assert legal conclusions to which no response is required. To the extent these allegations require a response, they are denied.

14.    The jurisdictional allegation in paragraph 14 asserts a legal conclusion to which no response is required. To the extent this allegation requires a response, it is denied.

15.    The jurisdictional allegation in paragraph 15 asserts a legal conclusion to which no response is required. To the extent this allegation requires a response, it is denied.

16.    The jurisdictional allegation in paragraph 16 asserts a legal conclusion to which no response is required.

17.     The jurisdictional allegation in paragraph 17 asserts a legal conclusion to which no response is required. To the extent this allegation requires a response, it is denied.

18.     The jurisdictional allegation in paragraph 18 asserts a legal conclusion to which no response is required.

19.     The allegations in paragraph 19 assert legal conclusions to which no response is required. To the extent these allegations require a response, they are denied.

20.     The Harper Intervenors deny the allegations in Paragraph 20.

## FACTS

### History of Recent Election Litigation in North Carolina 2010 to 2019

21.     The Harper Intervenors admit that following the return of the 2010 decennial census, the North Carolina legislature enacted Session Law 2011-40, and that plan was used in the 2012 and 2014 congressional elections. The Harper Intervenors admit that Session Law 2011-40 and successive plans have been subject to litigation.

### Dickson v. Rucho

22.     Paragraph 22 purports to summarize litigation documents and records of proceedings in *Dickson v. Rucho*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Dickson v. Rucho*, they are denied.

23.     Paragraph 23 purports to summarize litigation documents and records of proceedings in *Dickson v. Rucho*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Dickson v. Rucho*, they are denied.

24.     Paragraph 24 purports to summarize litigation documents and records of proceedings in *Dickson v. Rucho*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Dickson v. Rucho*, they are denied.

25.     The Harper Intervenors admit the allegations in this paragraph.

26.     Paragraph 26 purports to summarize litigation documents and records of proceedings in *Dickson v. Rucho*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Dickson v. Rucho*, they are denied.

27.     Paragraph 27 purports to summarize litigation documents and records of proceedings in *Dickson v. Rucho*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Dickson v. Rucho*, they are denied.

28.     Paragraph 28 purports to summarize litigation documents and records of proceedings in *Dickson v. Rucho*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Dickson v. Rucho*, they are denied.

29.     Paragraph 29 purports to summarize litigation documents and records of proceedings in *Dickson v. Rucho*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Dickson v. Rucho*, they are denied.

**Harris v. McCrory**

30.     Paragraph 30 purports to summarize litigation documents and records of proceedings in *Harris v. McCrory*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Harris v. McCrory*, they are denied.

31.     Paragraph 31 purports to summarize litigation documents and records of proceedings in *Harris v. McCrory*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Harris v. McCrory*, they are denied.

32.     The Harper Intervenors admit the allegations in Paragraph 32.

33.     The Harper Intervenors admit that on February 19, 2016, after Representative David Lewis "freely acknowledge[d] that [he] sought partisan advantage" because he believes "electing Republicans is better than electing Democrats," N.C. House Floor Session, Feb. 19, 2016, at 31:14–17, the General Assembly enacted Session Law 2016-1 (the "2016 Plan"). The remaining allegations in paragraph 33 purport to summarize litigation documents and records of proceedings in *Harris v. McCrory*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Harris v. McCrory*, they are denied.

**Covington v. North Carolina**

34.     Paragraph 34 purports to summarize litigation documents and records of proceedings in *Covington v. North Carolina*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Covington v. North Carolina*, they are denied.

35.     Paragraph 34 purports to summarize litigation documents and records of proceedings in *Covington v. North Carolina*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Covington v. North Carolina*, they are denied.

36.     Paragraph 36 purports to summarize litigation documents and records of proceedings in *Covington v. North Carolina*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Covington v. North Carolina*, they are denied.

37.     Paragraph 37 purports to summarize litigation documents and records of proceedings in *Covington v. North Carolina*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Covington v. North Carolina*, they are denied.

### Rucho v. Common Cause

38.     Paragraph 38 purports to summarize litigation documents and records of proceedings in *Rucho v. Common Cause*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Rucho v. Common Cause*, they are denied.

39.     Paragraph 39 purports to summarize litigation documents and records of proceedings in *Rucho v. Common Cause*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Rucho v. Common Cause*, they are denied.

40.     Paragraph 40 purports to summarize litigation documents and records of proceedings in *Rucho v. Common Cause*, which speak for themselves. To the extent that Plaintiffs'

allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Rucho v. Common Cause*, they are denied.

41.     Paragraph 41 purports to summarize litigation documents and records of proceedings in *Rucho v. Common Cause*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Rucho v. Common Cause*, they are denied.

42.     Paragraph 42 purports to summarize litigation documents and records of proceedings in *Rucho v. Common Cause*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Rucho v. Common Cause*, they are denied.

43.     Paragraph 43 purports to summarize litigation documents and records of proceedings in *Rucho v. Common Cause*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Rucho v. Common Cause*, they are denied.

44.     Paragraph 44 purports to summarize litigation documents and records of proceedings in *Rucho v. Common Cause*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Rucho v. Common Cause*, they are denied.

45.     Paragraph 38 purports to summarize litigation documents and records of proceedings in *Rucho v. Common Cause*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Rucho v. Common Cause*, they are denied.

46.     Paragraph 46 purports to summarize litigation documents and records of proceedings in *Rucho v. Common Cause*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Rucho v. Common Cause*, they are denied.

47.     Paragraph 47 purports to summarize litigation documents and records of proceedings in *Rucho v. Common Cause*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Rucho v. Common Cause*, they are denied.

48.     Paragraph 48 purports to summarize litigation documents and records of proceedings in *Rucho v. Common Cause*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Rucho v. Common Cause*, they are denied.

**Common Cause v. Lewis**

49.     Paragraph 49 purports to summarize litigation documents and records of proceedings in *Common Cause v. Lewis*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Common Cause v. Lewis*, they are denied.

50.     Paragraph 50 purports to summarize litigation documents and records of proceedings in *Common Cause v. Lewis*, which speak for themselves. To the extent that Plaintiffs' allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Common Cause v. Lewis*, they are denied.

**Harper v. Lewis**

51.     Paragraph 51 purports to summarize documents and records of proceedings in *Harper v. Lewis*, which speaks for themselves. To the extent that Plaintiff's allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Harper v. Lewis*, they are denied.

52.     Paragraph 52 purports to summarize documents and records of proceedings in *Harper v. Lewis*, which speaks for themselves. To the extent that Plaintiff's allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Harper v. Lewis*, they are denied.

53.     Paragraph 53 purports to summarize documents and records of proceedings in *Harper v. Lewis*, which speaks for themselves. To the extent that Plaintiff's allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Harper v. Lewis*, they are denied.

54.     Paragraph 54 purports to summarize documents and records of proceedings in *Harper v. Lewis*, which speaks for themselves. To the extent that Plaintiff's allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Harper v. Lewis*, they are denied.

55.     Paragraph 55 purports to summarize documents and records of proceedings in *Harper v. Lewis*, which speaks for themselves. To the extent that Plaintiff's allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Harper v. Lewis*, they are denied.

56.     Paragraph 56 purports to summarize documents and records of proceedings in *Harper v. Lewis*, which speaks for themselves. To the extent that Plaintiff's allegations are

inconsistent with the contents of the litigation documents and records of proceedings in *Harper v. Lewis*, they are denied.

57.     Paragraph 57 purports to summarize documents and records of proceedings in *Harper v. Lewis*, which speaks for themselves. To the extent that Plaintiff's allegations are inconsistent with the contents of the litigation documents and records of proceedings in *Harper v. Lewis*, they are denied.

58.     Intervenor-Defendants are without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore deny the same.

59.     The Harper Intervenors admit that, during the hearings on the motion for preliminary injunctions, the trial court received an affidavit from the Executive Director of the State Board of Elections. The Harper Intervenors deny that the timeline outlined in the affidavit is needed for any new plan to be incorporated into the administrative process necessary for voters to participate in the currently scheduled filing period and primary elections.

## COUNT I
## CONSTITUTIONAL INFRINGEMENT

60.     The Harper Intervenors incorporate their responses to the foregoing paragraphs as fully set forth herein.

61.     The Harper Intervenors are without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore deny the same.

62.     The Harper Intervenors are without knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph and therefore deny the same.

63.     The Harper Intervenors admit that Plaintiff Brewster is not an incumbent congressman. The Harper Intervenors are without knowledge or information sufficient to form a belief about whether Plaintiff Brewster has fewer financial resources than the incumbent

congresswoman to electioneer and campaign. The Harper Intervenors deny that Plaintiff Brewster's campaign, volunteers, or party supporters will be disadvantaged by a change in the electoral districts.

64.     The Harper Intervenors are without knowledge or information sufficient to form a belief about whether, unlike his opponent incumbent, must rely primarily on small donations to fund his campaign. The Harper Intervenors deny the remaining allegations in Paragraph 64, and deny that implementation of the Wake County Superior Court's order will harm Plaintiff Brewster or others who are similarly situated.

65.     The Harper Intervenors are without knowledge or information sufficient to form a belief about Plaintiff Norman's background. The Harper Intervenors deny that implementation of the Wake County Superior Court's order will harm Plaintiff Norman or others who are similarly situated.

66.     The Harper Intervenors deny the allegations in Paragraph 66; Hill is not a Defendant in this litigation.

67.     The Harper Intervenors deny the allegations in Paragraph 67; Hill is not a Defendant in this litigation.

68.     The Harper Intervenors deny the allegations in Paragraph 68.

69.     The Harper Intervenors deny the allegations in Paragraph 69.

70.     The allegations in paragraph 70 assert legal conclusions to which no response is required. To the extent these allegations require a response, they are denied.

Finally, the Harper Intervenors deny any and all allegations in the Complaint not expressly admitted herein to which a response is required.

## PRAYER FOR RELIEF

The Harper Intervenors deny that Plaintiffs are entitled to injunctive relief, costs, fees, or any other relief they seek.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' claims fail because the Court lacks subject matter jurisdiction over Plaintiffs' lawsuit.

### Second Affirmative Defense

Plaintiffs fail to state a claim upon which relief may be granted.

### Third Affirmative Defense

Plaintiffs' claims fail because the Court lacks jurisdiction to grant Plaintiffs the relief they seek.

### Fourth Affirmative Defense

This matter is not ripe.

### Fifth Affirmative Defense

Plaintiffs lack Article III and prudential standing.

### Sixth Affirmative Defense

This Court must defer to the state court litigation under *Growe v. Emison*, 507 U.S. 25 (1993).

### Seventh Affirmative Defense

Under 2 U.S.C. § 2(a), a federal court cannot order the use of congressional plan that violates state law.

## Eighth Affirmative Defense

Plaintiffs' claims are barred by collateral estoppel.

## Ninth Affirmative Defense

Plaintiffs' claims are barred by the Anti-Injunction Act.

## Tenth Affirmative Defense

This Court must abstain under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); and *Younger v. Harris*, 401 U.S. 37 (1971).

Dated:  November 1, 2019

By: /s/ Narendra K. Ghosh
Narendra K. Ghosh, NC Bar No. 37649
Burton Craige, NC Bar No. 9180
Paul E. Smith, NC Bar No. 45014
PATTERSON HARKAVY LLP
100 Europa Dr., Suite 420
Chapel Hill, NC  27517
(919) 942-5200
nghosh@pathlaw.com
bcraige@pathlaw.com
psmith@pathlaw.com

Marc Erik Elias*
Uzoma Nkwonta*
Aria Branch*
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C.  20005-3960
Telephone:  202.654.6200
Facsimile:  202.654.6211
melias@perkinscoie.com
unkwonta@perkinscoie.com
abranch@perkinscoie.com

Abha Khanna*
**Perkins Coie, LLP**
1201 Third Avenue, Ste. 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000
Email: AKhanna@perkinscoie.com

R. Stanton Jones
Elisabeth S. Theodore
Daniel F. Jacobson
ARNOLD AND PORTER KAYE
SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC  20001-3743
(202) 954-5000
stanton.jones@arnoldporter.com
elisabeth.theodore@arnoldporter.com
daniel.jacobson@arnoldporter.com

*Attorneys for Proposed Intervenor-Defendants*

*\*Pro Hac Vice Motions Forthcoming*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, November 1, 2019, I caused the foregoing document to be filed and served on all counsel of record by operation of the CM/ECF system for the United States District Court for the Eastern District of North Carolina.

DATED:  November 1, 2019

 /s/ Narendra K. Ghosh
Narendra K. Ghosh