| | |
|---|---|
| BILLY JOE BREWSTER, JR., LARRY E. NORMAN, and THOMAS L. HILL, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>PHILLIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate; TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives, DAMON CIRCOSTA. STELLA ANDERSON, JEFF CARMON III, DAVID C. BLACK , KEN RAYMOND AND KAREN BRINSON BELL, in their official capacities as officers or members of the North Carolina State Board of Elections,<br><br>        Defendants,<br><br>        and<br><br>REBECCA HARPER; AMY CLARE OSEROFF; DONALD RUMPH; JOHN BALLA; RICHARD R. CREWS; LILY NICOLE QUICK; GETTYS COHEN JR.; SHAWN RUSH; JACKSON THOMAS DUNN, JR.; MARK S. PETERS; JOSEPH THOMAS GATES; KATHLEEN BARNES; VIRGINIA WALTERS BRIEN; DAVID DWIGHT BROWN,<br><br>        (Proposed) Intervenor-Defendants. | Civil Action No. 2:19-cv-37-D |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO INTERVENE AS DEFENDANTS</u>**

## TABLE OF CONTENTS

                                                                 **Page**

I. INTRODUCTION ........................................................................................................- 1 -

II. BACKGROUND .........................................................................................................- 2 -

III. ARGUMENT ...............................................................................................................- 4 -

    A. HARPER INTERVENORS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT UNDER RULE 24(A)(2). ...................................................................................- 5 -

        1. Harper Intervenors' Motion to Intervene is Timely. ....................................................- 5 -

        2. Harper Intervenors Possess a Significant, Legally Cognizable Interests in the Substance of this Litigation. ...................................................................................................- 6 -

        3. The Disposition of Plaintiffs' Lawsuit May Impair the Harper Intervenors' Ability to Protect Their Interests. ...............................................................................................- 7 -

        4. Harper Intervenors' Interests Are Not Adequately Represented by the Defendants. ..- 8 -

    B. IN THE ALTERNATIVE, THE HARPER INTERVENORS REQUEST THAT THE COURT GRANT THEM PERMISSION TO INTERVENE UNDER RULE 24(B)....- 11 -

IV. CONCLUSION...........................................................................................................- 12 -

## I. INTRODUCTION

Proposed Intervenors—fourteen North Carolina voters ("Harper Intervenors")[1]—are the plaintiffs in the state court lawsuit challenging North Carolina's 2016 congressional districting plan that is at the center of this federal case. On October 28, 2019, the state court granted the Harper Intervenors' motion for preliminary injunction, finding that the 2016 plan violated rights protected under the state constitution, and enjoining use of the plan in the 2020 primary and general elections. Three days later, Plaintiffs filed this action, in which they ask this Court to sit in review of the state court ruling and effectively enjoin any further relief implemented by the state court to remedy a state constitutional violation. The Complaint lists the same defendants named in the state court action, and seeks to enjoin the state court action, to undo the preliminary injunction that the Harper Intervenors have already obtained, and to deny the Harper Intervenors a remedy for the violation of their state constitutional rights as found by the state court.

The Harper Intervenors are entitled to intervene in this case as a matter of right, under Federal Rule of Civil Procedure 24(a)(2), to protect their interests and the relief they have obtained in the state court litigation that is the subject of this federal suit. Defendants do not share the same interests or objectives as the Harper Intervenors, and the rights and interests of the Harper Intervenors as North Carolina voters will not be adequately protected absent intervention. The Harper Intervenors therefore request that the Court grant their request to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, for permissive intervention under Rule 24(b).

---

[1] The Harper Intervenors are Rebecca Harper, Amy Clare Oseroff, Donald Rumph, John Balla, Richard R. Crews, Lily Nicole Quick, Gettys Cohen Jr., Shawn Rush, Jackson Thomas Dunn, Jr., Mark S. Peters, Joseph Thomas Gates, Kathleen Barnes, Virginia Walters Brien, and David Dwight Brown.

## II. BACKGROUND

On September 27, 2019, the Harper Intervenors filed suit in the General Court of Justice, Superior Court Division, Wake County, challenging North Carolina's 2016 congressional districting plan exclusively under the North Carolina Constitution's Free Elections Clause, Art. I, § 10; Equal Protection Clause, Art. I, § 19; and Freedom of Speech and Freedom of Assembly Clauses, Art. I, §§ 12 & 14. Complaint at ¶¶ 120–44, *Harper v. Lewis*, No. 19-CVS-012667 (N.C. Super. 2019) ("*Harper* Complaint"). Their Verified Complaint named as defendants, among others, Senator Berger and Speaker Moore, as well as the members of the State Board of Elections named as defendants in this action.

The Harper Intervenors moved for a preliminary injunction on September 30, 2019, seeking an order (1) barring Defendants from administering, preparing for, or moving forward with the 2020 primary and general elections for the U.S. House of Representatives using the 2016 congressional redistricting plan; and (2) setting forth a remedial process to create a new plan that complies with the North Carolina Constitution, including a court-ordered remedial plan if the North Carolina General Assembly fails timely to enact a new plan comporting with the North Carolina Constitution. Motion for Preliminary Injunction, *Harper v. Lewis*, No. 19-CVS-012667 (N.C. Super. 2019).

On October 14, 2019, Defendants Representative David R. Lewis, Senator Ralph E. Hise, Jr., Senator Warren Daniel, Senator Paul Newton, Speaker Timothy K. Moore, and President Pro Tempore Philip E. Berger (the "Legislative Defendants") removed the Harper Intervenors' case to federal court in this district. Notice of Removal, *Harper v. Lewis*, No. 19-cv-452 (E.D.N.C. Oct. 14, 2019). In response, the Harper Intervenors filed an emergency motion to remand the case to state court on two primary grounds: first, because federal courts lack jurisdiction over partisan gerrymandering claims under *Rucho v. Common Cause*, 139 S. Ct. 2484 (2019), and second,

because there is no conflict between the Harper Intervenors' exclusively state law claims and federal equal-rights law. Motion to Remand, *Harper v. Lewis*, No. 19-cv-452 (E.D.N.C. Oct. 15, 2019). The Harper Intervenors moved to expedite resolution of the remand motion based on the impending deadlines for the 2020 primary elections and the need to ensure sufficient time to implement a new congressional plan for those elections. *Id.* at 28.

Eight days later, on October 22, 2019, Judge Flanagan granted Proposed Intervenors' motion to remand, holding, among other things, it was "uncertain and speculative whether the ultimate relief sought in plaintiffs' complaint in the form of new plans comporting with the North Carolina Constitution would conflict with federal law." *Harper*, ECF No. 33 at 8 (E.D.N.C. Oct. 22, 2019) (internal quotation marks omitted). Shortly thereafter, Republican members of Congress, Virginia Foxx, Richard Hudson, and Ted Budd, who represent the 5th, 8th, and 13th congressional districts respectively, were granted permissive intervention in state court. Order Granting Permissive Intervention, *Harper v. Lewis*, No. 19-CVS-012667 (N.C. Super. 2019).

Following extensive briefing and an oral argument on the Harper Intervenors' motion for preliminary injunction, on October 28, 2019, the Wake County Superior Court granted the Harper Intervenors' motion for preliminary injunction and enjoined the Legislative Defendants and the State Board Defendants from preparing for or administering the 2020 primary and general elections under the 2016 plan. Order on Injunctive Relief, *Harper v. Lewis*, No. 19-CVS-012667 (N.C. Super. Oct. 28, 2019), ECF 1-1 ("*Harper* Order"). Importantly, the Superior Court held that the Harper Intervenors are likely to succeed on the merits of their constitutional claims because "there is a detailed record of both the partisan intent and the intended partisan effects of the 2016 congressional districts drawn with the aid of Dr. Thomas Hofeller and enacted by the General Assembly." *Id.* at 12. The court noted that Dr. Hofeller was instructed to use political data in

drawing the districts and was further instructed to maintain the existing partisan makeup of the congressional delegation—namely 10 Republicans and 3 Democrats. *Id.* at 12–13. Although the Legislative Defendants and Intervenor Defendants argued that the issuance of the injunction would cause disruption, confusion, and uncertainty in the electoral process, the Superior Court held that the balance of the equities weighed in favor of the Harper Intervenors: if the injunction was not granted, then "[s]imply put, the people of our State will lose the opportunity to participate in congressional elections conducted freely and honestly to ascertain, fairly and truthfully, the will of the people." *Id.* at 15. Three days after the Superior Court entered the preliminary injunction, the Plaintiffs filed their complaint in this Court.

On October 31, 2019, pursuant to the state court's direction in its preliminary injunction order, the Harper Intervenors moved for summary judgment in the state court. On November 1, the state court entered a scheduling order providing for summary judgment briefing to close on November 26, 2019, and for a summary judgment hearing before the state court on December 2, 2019. Order, *Harper v. Lewis*, No. 19-CVS-012667 (N.C. Super. Nov. 1, 2019) (attached as Exhibit A).

### III. ARGUMENT

This federal lawsuit is a collateral attack on the state court litigation in which the Harper Intervenors are the plaintiffs. In this federal action, Plaintiffs seek to enjoin the state court litigation, to undo the injunctive relief that the Harper Intervenors have already obtained in state court, and to prevent the state court from entering final judgment for the Harper Intervenors permanently enjoining use of the 2016 plan and adopting a remedial plan for use in the 2020 elections. Indeed, the Wake County Superior Court preliminarily enjoined the state's congressional map as an unconstitutional gerrymander and, in doing so, recognized the Harper Intervenors' rights under the North Carolina Constitution. Plaintiffs' lawsuit puts the protection of the Harper

Intervenors' constitutional rights under threat and leaves them with no alternate means by which to vindicate those rights. Furthermore, their interests will not be adequately represented by the existing Defendants in this case, none of whom shares the Harper Intervenors' goals and interests as voters whose individual rights will be violated under the 2016 plan, and who seek a new congressional map no matter the extent to which that requires moving the current primary date. The Harper Intervenors are thus entitled to intervene in this action as of right under Rule 24(a)(2), or alternatively by permission under Rule 24(b)(1)(B).[2]

## A. THE HARPER INTERVENORS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT UNDER RULE 24(A)(2).

The Harper Intervenors satisfy the requirements to intervene in this action as of right. Specifically, (1) the motion is timely; (2) the Harper Intervenors have a strong interest in the enforcement of the state court's preliminary injunction order, which protects their constitutional rights, and which the Plaintiffs in this action seek to overturn; (3) the denial of their motion would impair or impede the Harper Intervenors' ability to protect their interests; and (4) their interests are not adequately represented by the existing parties to the litigation. Fed. R. Civ. P. 24(a)(2); *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991).

### 1. The Harper Intervenors' Motion to Intervene is Timely.

Filed just one day after the Complaint in this action, the Harper Intervenors' Motion is unquestionably timely. For this threshold requirement, courts must consider "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other

---

[2] Voters like the Harper Intervenors routinely and successfully intervene in redistricting litigation. *See, e.g.*, *Georgia v. Ashcroft*, 539 U.S. 461, 476-77 (2003); *Corman v. Torres*, No. 1:18-cv-443, ECF No. 85 (M.D. Pa. March 2, 2018) (attached as Exhibit B); *Texas v. United States*, No. 1:11-cv-1303, ECF No. 11 (D.D.C. Aug. 16, 2011) (attached as Exhibit C); *Wright v. City of Albany*, 306 F. Supp. 2d 1228, 1230-31 (M.D. Ga. 2003). The Harper Intervenors' argument for intervention is especially strong in this case.

parties; and third, why the movant was tardy in filing its motion." *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014). Here, the Harper Intervenors seek to intervene at the earliest possible stage of the lawsuit, when no responsive pleadings or substantive motions have been filed by the defendant in response to the Complaint; no further action has been taken on the merits of Plaintiffs' claims; nor is there a scheduling order. Because there has been no delay at all, the Harper Intervenors clearly meet this requirement.

### 2. The Harper Intervenors Possess a Significant, Legally Cognizable Interests in the Substance of this Litigation.

To intervene as of right, an applicant must have "a significantly protectable interest" in the outcome of the lawsuit. *Teague*, 931 F.2d at 261-62 (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). In other words, the applicant must "stand to gain or lose" from the "legal operation" of the judgment of that action. *Id.* And an applicant can demonstrate a protectable interest even when its gain or loss is "contingent upon the outcome of other pending litigation." *Id.*

The Harper Plaintiffs clearly have a significantly protectable interest in the outcome of this lawsuit. In the underlying state court lawsuit attacked in this federal case, the state court has held that the Harper Intervenors are substantially likely to show beyond a reasonable doubt that the 2016 plan is an extreme partisan gerrymander that violates the Harper Intervenors' rights under the North Carolina Constitution. *Harper* Order at 14. The state court thus enjoined use of the 2016 plan in the 2020 elections. This lawsuit effectively seeks to nullify that state court ruling by reinstating the map that the state court enjoined under the state constitution, thereby overturning the relief that the Harper Intervenors have obtained in state court. All of the relief sought in this federal case directly implicates the Harper Intervenors' significant and cognizable interests in both the state court litigation they brought and are litigating, and in the continued protection of the rights

guaranteed to them under the North Carolina Constitution, as interpreted by the state court in the litigation that this case seeks to upend.

The Harper Intervenors' interests in this federal suit could not be more significant. The state court has already concluded that the Harper Intervenors are likely to establish that the 2016 plan violates their rights under the Free Elections Clause, Art. I, § 10, Equal Protection Clause, Art. I, § 19, and Freedom of Speech and Freedom of Assembly Clauses, Art. I, §§ 12, 14, of the North Carolina Constitution. *Harper* Order at 14. The state court's determination of state law is not reviewable by this Court or any other federal court. Thus, if Plaintiffs were to prevail in this case, the 2020 elections would proceed under a plan that violates the Harper Intervenors' fundamental rights under the North Carolina Constitution. The Harper Intervenors have a protectable interest in enforcing these rights guaranteed to them by the North Carolina Constitution, and they also have an interest in enforcing the preliminary injunction order that protects those rights. *See Harper* Order at 14 (noting that its Order was "necessary" to protect the Harper Intervenors from a loss of fundamental rights that would "undoubtedly be irreparable."). Put simply, the Harper Intervenors' interest in preventing the "irreparable loss to their fundamental rights guaranteed by the North Carolina Constitution" is protectable and warrants their intervention. *Harper* Order at 14.

### 3. The Disposition of Plaintiffs' Lawsuit May Impair the Harper Intervenors' Ability to Protect Their Interests.

Similarly, the Harper Intervenors meet the third factor for intervention as of right because the disposition of Plaintiffs' lawsuit may, "as a practical matter," impair or impede the preliminary injunction order and, with it, the rights that it secured for the Harper Intervenors. *Com. of Va. v. Westinghouse Elec. Corp*, 542 F.2d 214, 216 (4th Cir. 1976); *see* Fed. R. Civ. P. 24(a)(2); *Teague*, 931 F.2d at 260-61 ("This court has interpreted Rule 24(a)(2) to entitle an applicant to intervention

of right if the applicant can demonstrate . . . that the protection of this interest would be impaired because of the action.").

As the Fourth Circuit has acknowledged, litigants that obtained a judgment in a prior action are entitled to intervene as of right in a later action that threatens the relief awarded under the prior judgment. *See Teague*, 931 F.2d at 261-62 (finding that intervenors' "ability to protect their interest would be impaired or impeded" by a judgment that would put the intervenors' ability to satisfy a prior judgment at risk). Here, the Harper Intervenors obtained a preliminary injunction from the superior court preventing their constitutional injury, and the state court has set a schedule that will allow for a final judgment within the next six weeks. Plaintiffs' lawsuit not only puts the remedy the Harper Intervenors have obtained at risk, but also threatens to force the Harper Intervenors to vote in another election under a congressional map that violates their rights under the North Carolina Constitution.

### 4. Harper Intervenors' Interests Are Not Adequately Represented by the Defendants.

The Harper Intervenors' interests are not adequately represented by the existing defendants in this case. The defendants' interests are either directly adverse to the Harper Intervenors in this action, or otherwise do not align with the Harper Intervenors' singular interest in enforcing their constitutional rights and obtaining relief (in the form of a new congressional districting plan) for the 2020 election. For instance, the Legislative Defendants have argued in state court that federal law forecloses the Harper Intervenors' requested relief, which is the same position that Plaintiffs advance here. And the State Defendants cannot fully represent the interests of voters, whose fundamental rights under the state constitution are at stake and who seek a new plan for 2020 elections, no matter the extent to which that requires moving the primaries. In other words, the

parties have different objectives, and the Harper Intervenors' interests are not adequately represented in this case.

Under these circumstances, the Harper Intervenors clearly satisfy the "minimal" burden of "demonstrating lack of adequate representation." *Teague*, 931 F.2d at 262. To meet this requirement, intervenors need only show that "representation of [their] interest *may* be inadequate," *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972), either because they do not share the same objectives as other litigants in the case, or because their interests are adverse. *See Westinghouse Elec. Corp.*, 542 F.2d at 216. And a court need only find "sufficient doubt about the adequacy of representation to warrant intervention." *Trbovich*, 404 U.S. at 538.

The arguments that the defendants have asserted in the related congressional redistricting action, *Harper v. Lewis*, No. 5:19-CV-452 (E.D.N.C. 2019), clearly illustrate that none of the defendants adequately represent the Harper Intervenors. In *Harper*, the Legislative Defendants argued that "it is too late to engage in court-ordered remedial map-drawing" and that late changes to election procedures burden the right to vote. Legislative Defs.' Opp'n to Mot. for Prelim. Inj. at 19, *Harper v. Lewis*, No. 5:19-CV-452 (E.D.N.C. Oct. 21, 2019) ("LD Opp'n"). Those same legislators are named as defendants here, in a Complaint that asserts as its principal claim that late changes to North Carolina's congressional districts violate voters' and candidates' constitutional rights. Compl. ¶ 70, ECF 1. Having already endorsed the Plaintiffs' principal argument in this case, *see* LD Opp'n at 19, the Legislative Defendants plainly do not share the same objectives as the Harper Intervenors.

Nor do the State Defendants adequately represent the Harper Intervenors' interests as North Carolina voters. Although they supported a preliminary injunction of the current congressional

redistricting plan, *see* State Defs.' Resp. to Mot. for Prelim. Inj. at 12, 5:19-CV-452 (E.D.N.C. Oct. 21, 2019) ("State Defendants Resp."), the State Board Defendants' primary interest is an institutional one—in administering the elections. In other words, the State Defendants' primary interest is in ensuring that relief, if any, is issued promptly "[t]o allow the Board . . . enough time to properly administer the 2020 primary elections," regardless of what that relief may be. *Id*. at 2.

The State Board Defendants also do not hold or assert the same rights as the Harper Intervenors. The Harper Intervenors are voters who allege that the 2016 congressional plan violates their individual rights under the North Carolina Constitution. The State Board Defendants are all parties in their official capacities as government officials and, in that capacity, have no state constitutional rights that are implicated in this case or threatened by use of the 2016 plan. No existing party to this litigation asserts that the 2016 plan violates their constitutional rights.

Nor does any existing party have the same interest as the Harper Intervenors in protecting the state court litigation and the remedy that the state court has afforded to the Harper Intervenors in that litigation. The Harper Intervenors must be permitted to intervene to represent their own interests as the plaintiffs in the state court action that this case seeks to collaterally attack.

The federal district court's decision in *Corman v. Torres*, No 1:18-cv-00443-CCC-KAJ-JBS (M.D. Pa.), is highly instructive. The court there granted intervention in circumstances strikingly similar to those here. There, a group of voters had successfully challenged Pennsylvania's congressional plan in state court; the state court enjoined use of the then-existing plan and ordered use of a new plan for the upcoming election. Thereafter, a group of Republican legislators and congressmen filed a collateral attack in federal court, asking the federal court to undo the state court's remedy. *See Corman v. Torres*, 287 F. Supp. 3d 558 (M.D. Pa. 2018). The voters who were the state court plaintiffs moved to intervene in the federal suit, asserting similar

interests to those of the Harper Intervenors here. The three-judge federal panel—comprised of Circuit Judge Jordan, Chief District Judge Conner, and District Judge Simandle—granted the motion to intervene. *Corman*, No 1:18-cv-00443-CCC-KAJ-JBS, ECF No. 85 at 1-2 (M.D. Pa. Mar. 2, 2018). Notably, the court granted the intervention motion even though the original defendants in the case included state election officials who vigorously supported the state court's judgment and opposed the relief that the congressmen sought. The case for intervention is even stronger here than it was in *Corman*, given that the state court lawsuit here is ongoing, whereas it had already finished there.

### B. IN THE ALTERNATIVE, THE HARPER INTERVENORS REQUEST THAT THE COURT GRANT THEM PERMISSION TO INTERVENE UNDER RULE 24(B).

Even if the Harper Intervenors were not entitled to intervene as of right, permissive intervention would be warranted under Rule 24(b). "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). The court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). In deciding whether to grant permissive intervention, courts consider factors including "the nature and extent of the intervener's interest, the intervener's standing to raise relevant legal issues, the legal position the intervener seeks to advance, and its probable relation to the merits of the case." *L.S. ex rel. Ron S. v. Cansler*, 2011 WL 6030075 at *2 (E.D.N.C. Dec. 5, 2011) (citing *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977)). They may also consider "whether the interveners' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit." *Id.* (citing *Spangler*, 552 F.2d at 1329).

For the reasons set forth above, the motion is timely, intervention will not unduly delay or prejudice the adjudication of the rights of the original parties, and the Harper Intervenors are not adequately represented by the existing defendants. The Harper Intervenors will undoubtedly raise common questions of law and fact in defending this lawsuit and the superior court's preliminary injunction, including questions regarding the scope and timing of an appropriate remedy, and this Court's authority to enjoin the state court's remedy. Beyond that, the Harper Intervenors' interests implicate some of the most fundamental rights protected by the North Carolina Constitution: the right to free elections, to equal protection under the law, and to freedom of speech and assembly. Their participation in this action will contribute to the full development of the factual and legal issues and will aid the Court in the adjudication of this matter. And above all else, it would be highly unfair to adjudicate a collateral attack on an ongoing state court lawsuit without allowing the plaintiffs in that state court suit to participate and defend their rights. This federal suit directly threatens the Harper Intervenors rights and the relief they have already obtained, and the Harper Intervenors therefore must be able to participate in this case.

## IV.   CONCLUSION

For the reasons stated above, the Harper Intervenors respectfully request that the Court grant their motion to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permit them to intervene under Rule 24(b).

Dated: November 1, 2019

By: /s/ Narendra K. Ghosh
Narendra K. Ghosh, NC Bar No. 37649
Burton Craige, NC Bar No. 9180
Paul E. Smith, NC Bar No. 45014
PATTERSON HARKAVY LLP
100 Europa Dr., Suite 420
Chapel Hill, NC  27517
(919) 942-5200
nghosh@pathlaw.com
bcraige@pathlaw.com
psmith@pathlaw.com

Marc Erik Elias*
Uzoma Nkwonta*
Aria Branch*
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C.  20005-3960
Telephone:  202.654.6200
Facsimile:  202.654.6211
melias@perkinscoie.com
unkwonta@perkinscoie.com
abranch@perkinscoie.com

Abha Khanna*
**Perkins Coie, LLP**
1201 Third Avenue, Ste. 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000
Email: AKhanna@perkinscoie.com

R. Stanton Jones
Elisabeth S. Theodore
Daniel F. Jacobson
ARNOLD AND PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC  20001-3743
(202) 954-5000
stanton.jones@arnoldporter.com
elisabeth.theodore@arnoldporter.com
daniel.jacobson@arnoldporter.com

*Attorneys for Proposed Intervenor-Defendants*

*\*Pro Hac Vice Application Forthcoming*

- 13 -

Case 2:19-cv-00037-FL   Document 10   Filed 11/01/19   Page 15 of 17

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Memorandum of Law in Support of Motion to Intervene as Defendants contains 3,950 words, based on the word count of the word processing system used to prepare this brief, and thereby complies with the Local Civil Rule 7.2(f).

DATED: November 1, 2019

                                            /s/ Narendra K. Ghosh
                                            Narendra K. Ghosh

- 14 -

Case 2:19-cv-00037-FL   Document 10   Filed 11/01/19   Page 16 of 17

## CERTIFICATE OF SERVICE

I hereby certify that on this date, November 1, 2019, I caused the foregoing document to be filed and served on all counsel of record by operation of the CM/ECF system for the United States District Court for the Eastern District of North Carolina.

DATED: November 1, 2019

     /s/ Narendra K. Ghosh
    Narendra K. Ghosh